# In the United States Court of Federal Claims

No. 25-329
Filed: October 2, 2025

**PHILLIP K. LEOPARD,**

***Plaintiff*,**

**v.**

**THE UNITED STATES,**

***Defendant*.**

*Kevin A. Planegger*, Anderson & Jahde, P.C., Denver, CO, for Plaintiff.

*Michael T. Collins,* Trial Attorney, Tax Division, and *Jason Bergmann*, Assistant Chief, Court of Federal Claims Section, U.S. Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

This Opinion addresses whether supporting documentation is necessary to overcome procedural barriers that often complicate obtaining a tax refund. Plaintiff, Phillip Leopard ("Mr. Leopard"), requested refunds for the 2010 and 2011 tax years. The Internal Revenue Service ("IRS") approved his 2011 refund request but declined to reach the merits of the 2010 submission, citing its untimeliness. The United States now moves to dismiss Mr. Leopard's Complaint for failure to state a claim, asserting that his request was not "duly filed" under the tax code because it lacked supporting documentation. (Def.'s Mot., ECF No. 7). The Court finds that Mr. Leopard's failure to provide supporting documentation renders his refund claim deficient and precludes it from proceeding in this Court. Accordingly, the United States' Motion to Dismiss is **GRANTED**.

## I. Background

Mr. Leopard failed to timely file tax returns for 2010 and 2011. (Compl. at 2, ECF No. 1). To calculate his outstanding balance for those years, the IRS prepared substitute tax returns for Mr. Leopard in 2015. (*Id.*); *see* 26 U.S.C. § 6020(b)(1) ("If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed[,] . . . the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise."). This resulted in a tax liability of over $115,000 for 2010, including penalties for late filing, late payment, and failure to pre-pay. (Compl. at 2). By 2019, with interest, Mr. Leopard owed over $155,000 for the 2010 tax year.

(*Id.*). To satisfy that debt, the IRS seized $348,431.67 from Mr. Leopard. (*Id.* at 3). Of that amount, $155,381 was allocated to cover the 2010 balance, and the remainder was applied to 2011. (*Id.*).

On October 27, 2021, Mr. Leopard sought to recoup $140,294 from the IRS for the 2010 tax year. (Compl. at 3; Compl. Ex. 1 (2010 Refund Request Forms), ECF No. 1-2). Mr. Leopard's Amended Tax Return claimed that his gross income for 2010 was $55,777, rather than the $228,453 the IRS calculated; this correction reduced his tax liability from $77,045 to $15,087. (Compl. at 4). On Mr. Leopard's Claim for Refund and Request for Abatement, he explains that "[t]he IRS prepared a so-called 'substitute return' for Mr. Leopard for the 2010 tax year that significantly overstated income. The attached Form 1040X shows the correct income and tax based on Mr. Leopard's records for the 2010 year." (Compl. Ex. 1 at 5). In the section of his Amended Tax Return where he was asked to explain why he was filing and to attach any supporting documentation, Mr. Leopard simply wrote, "[t]his amended return is being filed to correct the overstated income set forth on the substitute return prepared by the [IRS]." (*Id.* at 7). Mr. Leopard submitted a letter alongside the forms reiterating similar assertions but failed to provide documentation substantiating the proposed income adjustments. (*Id.* at 4). On the same date, Mr. Leopard sent identical documentation to request a $186,544 refund for the 2011 tax year. (Compl. Ex. 2 (2011 Refund Request Forms), ECF No. 1-3).

Notably, the IRS processed a refund of $204,571 for the 2011 tax year that included accrued interest. (Compl. at 3). Based on the current record—limited at this early stage—there is no indication that the IRS responded to the 2010 refund request for almost a year. On February 22, 2023, the IRS denied Mr. Leopard's refund application, concluding that its receipt on November 12, 2021, rendered it time barred. (*Id.*; Compl. Ex. 3 (IRS Letter Denying Claim), ECF No. 1-4). This suit followed. (*See* Compl.).

## II. Analysis

The United States moves to dismiss Mr. Leopard's Complaint pursuant to RCFC 12(b)(6)—failure to state a claim upon which relief can be granted. (Def.'s Mot.). The United States argues that because "Mr. Leopard's amended return was devoid of documentation and supporting facts, he failed to 'duly file' an administrative claim for refund, and he therefore cannot prove that he is owed a refund in this Court." (*Id*. at 1). At this juncture, it is not the Court's place to assess timeliness or determine whether the IRS correctly or incorrectly disallowed Mr. Leopard's claim for his 2010 tax refund. Instead, it is to examine whether, assuming all facts to be true and in his favor, Mr. Leopard has adequately stated a claim. He has not.

When considering dismissal under RCFC 12(b)(6), the Court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. This requires "more than a sheer possibility that a defendant has acted unlawfully," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019) (the court is "not required to accept the asserted legal conclusions" in a plaintiff's complaint when assessing a motion to dismiss). In evaluating a motion to dismiss for failure to state a claim, the Court "primarily consider[s] the allegations in the complaint," but is not limited to the pleading's four corners and may also look to the "matters incorporated by reference or integral to the claim[.]" *Dimare Fresh, Inc. v. United States*, 808 F.3d 1301, 1306 (Fed. Cir. 2015) (citations omitted); *see also Terry v. United States*, 103 Fed. Cl. 645, 652 (2012) (the court may consider the allegations contained in the complaint, exhibits attached to the complaint, public records of which the court may take judicial notice, and documents appended to the motion to dismiss that are central to plaintiff's complaint).

Filing a refund claim with the IRS is a procedural, but necessary, step before a taxpayer may file in this Court. 26 U.S.C § 7422(a) ("No suit or proceeding shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."). Requirements related to the "fact of filing" are jurisdictional, while "duly filed" requirements governing the "adequacy of the filing" go to whether a plaintiff can prove entitlement to relief.[1] *Dixon v. United States*, 67 F.4th 1156, 1161 (Fed. Cir. 2023) (citing *Brown v. United States*, 22 F.4th 1008, 1011–12 (Fed. Cir. 2022)). When a plaintiff cannot "prove that [his] claim for refund was duly filed," the appropriate remedy is dismissal under RCFC 12(b)(6). *Brown*, 22 F.4th at 1010–11.

Given the absence of supporting documentation, the Court must assess whether Mr. Leopard's letter and forms nonetheless conveyed the grounds and factual foundation of his refund claim with the requisite specificity. The United States argues that Mr. Leopard's filing does not "set forth in detail each ground upon which a credit or refund [was] claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." (Def.'s Mot. at 2 (citing Treas. Reg. (26 C.F.R.) § 301.6402-2(b)(1))). For his part, Mr. Leopard contends that his revised income figures and recalculated amounts adequately informed the IRS of the basis for determining his tax liability. (Pl.'s Resp. at 5, ECF No. 10). Alternatively, Mr. Leopard argues

---

[1] The Federal Circuit has recently broadened the interpretation of "duly filed" beyond a purely jurisdictional issue, reclassifying it as a regulatory requirement. *Brown v. United States*, 22 F.4th 1008, 1011–12 (Fed. Cir. 2022); *Vensure HR, Inc. v. United States*, 119 F.4th 7, 16 (Fed. Cir. 2024) (affirming that statutory provisions relating to "when, where, and how" a taxpayer should comply with IRS requirements are regulatory in nature). Although the United States' Motion and this Opinion focus on Mr. Leopard's failure to state a claim, the Court acknowledges that many of the cases it relies on previously dismissed claims on jurisdictional grounds for not being "duly filed." The Court applies this expanded understanding to the current Motion.

that to the extent he was obligated to provide supporting documentation to his administrative request, the IRS has waived any objections to the adequacy of the refund claim. (*Id.* at 7–8).

As a threshold issue, the Court rejects the applicability of the waiver doctrine in this context. The IRS possesses discretion to relax its regulatory standards for refund claim submissions under some conditions. *See Angelus Milling Co. v. Comm'r of Internal Revenue*, 325 U.S. 293, 297 (1945). The waiver doctrine applies when: (1) there is clear evidence that the Commissioner understood the claim that was made, even though there was a deviation from the standard forms required for submission; (2) it is unmistakable that the Commissioner dispensed with the formal requirements and examined the claim; and (3) the Commissioner acted upon the claim. *Brown,* 22 F.4th at 1013 (citing *Angelus Milling*, 325 U.S. at 297–98). In this instance, the IRS denied Mr. Leopard's refund claim solely on timeliness grounds; accordingly, the Commissioner cannot be said to have substantively considered its merits.

The question of whether Mr. Leopard's submission qualifies as a "duly filed" claim warranting IRS examination is not clearly resolved by existing legal authority. Mr. Leopard's returns had to conform to the regulatory requirements promulgated by the Department of the Treasury to constitute valid refund claims. *Williams v. United States*, 548 F. App'x 618, 619 (Fed. Cir. 2013) (citing 26 C.F.R. § 301.6402–2(b)(1) ("A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.")). The Federal Circuit has stated that, for a refund claim to be valid, "the return must contain sufficient data to allow calculation of tax[.]" *Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2012). In addition to being factually sufficient, a return must evince "'an honest and reasonable intent to supply the information required by the tax code.'" *Id.* at 1334 (quoting *United States v. Moore*, 627 F.2d 830, 835 (7th Cir. 1980)). This specificity requirement is intended to prevent frivolous claims. *Id.* at 1333. The regulations make clear that failure to satisfy the required specificity elements precludes the claim from being treated, for any purpose, as a valid request for refund or credit. 26 C.F.R. § 301.6402-2(b)(1).

While never before faced with Mr. Leopard's exact situation, the Federal Circuit has held that administrative refund requests lacking requisite supporting documentation are not "duly filed" within the meaning of 26 U.S.C. § 7422(a). In *Waltner v. United States*, this Court dismissed refund claims where the taxpayers submitted amended returns devoid of factual substantiation, concluding that such filings failed to constitute valid refund claims. 98 Fed. Cl. 737, 767 (2011), *aff'd*, 679 F.3d 1329. While *Waltner* represented an extreme situation where the taxpayers' returns contained zeros in place of income, it affirms the notion that tax forms without substantiating information "are not tax returns within the meaning of the Internal Revenue Code and thus cannot serve as a basis for a tax refund suit." *Waltner*, 679 F.3d at 1333 (citations omitted). Affirming the trial court's decision, the Circuit iterated that "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code." *Id.* (citing *Moore*, 627 F.2d at 835). Relying on *Waltner*, the Circuit has also affirmed dismissal where a taxpayer failed to provide information about their deductions to substantiate their return. *Diamond v. United States*, 530 F. App'x 943, 944 (Fed. Cir. 2013) (refusal to substantiate information in amended return did not "demonstrate[] an honest or genuine endeavor to satisfy the requirements of the tax laws[.]"). Taken together, these cases suggest that taxpayers must submit meaningful documentation with

refund requests and that unsupported assertions or tax-protester arguments do not satisfy the administrative requirements necessary to state a claim in this Court.

Other judges of this Court have also dismissed claims based on inadequate explanations and documentation. In *Goldberger v. United States*, a taxpayer filed a refund suit alleging that the IRS had improperly denied his amended tax return for the 2014 tax year. 150 Fed. Cl. 284 (2020). Like Mr. Leopard's case, the plaintiff submitted an amended return reflecting a substantial change in reported income but failed to include supporting documentation to substantiate the revised figures. *Id.* at 289. The Court held that the refund claim was not duly filed because it lacked the necessary factual support to allow the IRS to evaluate the claim on its merits, thus bypassing the specificity requirements of the tax code. *Id.* Accordingly, the Court dismissed the case, reaffirming that procedural compliance—including documentation—is essential to invoke judicial review of tax refund claims. *Id.*; *see also Meissner v. United States,* 136 Fed. Cl. 763, 776 (2018) (plaintiff failing to provide support was not duly filed for return claiming $0 liability); *Hamzik v. United States*, 64 Fed. Cl. 766, 767 (2005) ("A broad constellation of cases has held that a return which lacks essential financial information and, in particular, contains no recitation of taxpayer's income, is not a properly executed return for purposes of the tax laws.").

Mr. Leopard's circumstances are unique because he does not attempt to avoid tax liability outright; even so, following the rules requires more than a mere desire to comply. *Kiselis v. United States* is predicated on a history akin to Mr. Leopard's. 131 Fed. Cl. 61, 56 (2017). In that case, the taxpayer had also been subject to a substitute return after not paying his taxes. *Id.* This led to a refund request based on information different than what was used to process his substitute return—however, he failed to support his claim with documents showing how he arrived at the updated figures. *Id.* at 61 (plaintiff failed to substantiate requests with Schedule D and provided no information regarding distributions from third-party financial institutions). The Court held that his refund request was not "duly filed" because it lacked the necessary factual substantiation required for administrative review. *Id.* ("By filing such an incomplete return and failing to attach a Schedule D, Plaintiff failed to include sufficient data for the IRS to calculate his tax liability as required by the Treasury Regulation.") (citing *Waltner*, 679 F.3d at 1333 ("forms that lack essential information . . . are not tax returns within the meaning of the Internal Revenue Code and thus cannot serve as a basis for a tax refund suit"); *Kehmeier v. United States*, 95 Fed. Cl. 442, 445–46 (2010)). Citing Treasury Regulation § 301.6402-3(a)(5), the Court emphasized that a refund claim must be accompanied by sufficient information to allow the IRS to evaluate its merits. *Id.* It stands to reason that mere submission of an amended return, without documentation, does not satisfy this standard.

Mr. Leopard misinterprets the case law, believing the IRS's access to his income information alone is enough to calculate his tax liability, even without documentation. (Pl.'s Resp. at 6). That position is unsupported by Supreme Court precedent:

> [I]t is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund. The protection of the revenue authorizes the Commissioner to demand information in a particular form, and he is entitled to insist that the form be

> observed so as to advise him expeditiously and accurately of the true nature of the claim.

*Angelus Milling*, 325 U.S. at 299. That the IRS may have access to the data relevant to one's return falls short of what is needed to process a claim; rather, the burden rests with the taxpayer to provide that information. *Kiselis*, 131 Fed. Cl. at 61 (whether "IRS may have been able to piece together what Plaintiff should have reported in a Schedule D using the Forms 1099 submitted by financial institutions does not render Plaintiff's tax return valid. Plaintiff was obligated to provide that financial information to the IRS in his return."). This is particularly true in cases like Mr. Leopard's where the revised return reflects a significantly lower tax liability or a new refund request; it is sensical that the burden of proof shifts more heavily onto the filer, making thorough documentation essential to demonstrate accuracy and good faith compliance.

These cases are instructive of the principle that the administrative process is not a mere formality, but instead a substantive prerequisite that taxpayers may not bypass with unsupported assertions. This interpretation aligns with the structure and content of the actual IRS forms. IRS Form 1040X explicitly instructs filers like Mr. Leopard to attach supporting documentation when submitting an amended return. (*See* Compl. Ex. 1 at 7); About Form 1040-X, Amended U.S. Individual Income Tax Return, https://www.irs.gov/forms-pubs/about-form-1040x, [https://perma.cc/EK97-KJEY] (last visited Sept. 15, 2025). This is essential when the changes involve substantial deviations from the original calculations; the IRS must be able to verify the legitimacy of those amendments. Attaching relevant documents—such as corrected W-2s, 1099s, receipts, or updated schedules—would provide the required specificity to substantiate the amended claim and reduces the likelihood of delays, audits, or rejection. *See* 26 C.F.R. § 301.6402-2(b)(1). Based on this, the Court concludes that a refund claim is not considered duly filed when it is devoid of the necessary supporting documentation. As Mr. Leopard failed to include any support with his 2010 refund request, he necessarily fails to state a redressable claim in this Court.

The Court acknowledges the baffling confusion created by the IRS's acceptance of the 2011 figures without supporting documentation, while simultaneously deeming the 2010 submission procedurally inadequate. This is not determinative, as established precedent indicates that the IRS's tax treatment in a given year does not prevent it from adopting a different position in a separate year. *Harrah's Club v. United States*, 228 Ct. Cl. 650, 653, (1981) ("It is settled that each tax year is another matter and that the Commissioner may challenge in a succeeding year what he condoned or agreed to in a former year.") (citing *Auto. Club of Mich. v. Comm'r*, 353 U.S. 180, 182–84 (1957)); *see also Malchow–Bartlett v. Comm'r, T.C. Memo.2010–271*, 2010 WL 5023258, at *2 (2010) ("[T]ax years generally are considered separately."); *Elkhorn Valley Trucks, LLC v. United States*, No. 8:24CV339, 2025 WL 1261281, at *23 (D. Neb. May 1, 2025) ("[I]t makes no difference whether the taxpayer asserts that the prior tax treatment or the subsequent tax treatment was the incorrect one; the IRS is free to determine that the prior tax treatment was in error[.]"); *Hawkins v. Comm'r*, 713 F.2d 347, 351–52 (8th Cir. 1983) ("[I]t is settled that even if the Commissioner erroneously may have accepted the tax treatment of certain items in previous years, he is not precluded from correcting that error in a subsequent year."). Even so, this inconsistency raises legitimate concerns about the uniformity and fairness of the IRS's evaluative standards. If the IRS is willing to credit one year's amended return absent corroborating materials, it becomes difficult to reconcile a stricter procedural threshold for a

different year. While the Court does not question the IRS's authority to enforce documentation requirements, agencies should apply standards with greater consistency and care to avoid the appearance of arbitrariness and to promote equitable treatment across filings. By evaluating all refund requests with equal consistency, the IRS could significantly improve its transparency and avoid litigation positions that risk appearing selective or procedurally opportunistic. Put simply, taxpayers might have more confidence in federal agencies when they act coherently and with a reasonable degree of transparency. This is paramount for agencies dealing in taxpayer dollars, which are earned resources, not discretionary windfalls demandable at the government's will. The federal government must exercise restraint and fairness rather than entrench itself behind procedural barricades.

## III. Conclusion

Because Mr. Leopard's administrative claim was not duly filed under the relevant IRS promulgations, his Complaint fails to state a claim for which relief can be granted. Accordingly, the United States' Motion to Dismiss, (ECF No. 7), is hereby **GRANTED** and Mr. Leopard's Complaint, (ECF No. 1), is **DISMISSED** pursuant to RCFC 12(b)(6). The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**




s/ David A. Tapp
DAVID A. TAPP, Judge